IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE FIELD, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>ROOSEVELT UNIVERSITY,<br><br>                Defendant. | Case No. 1:24-cv-04383<br><br>Hon. Edmond E. Chang<br>Magistrate Judge M. David Weisman |

**ROOSEVELT UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, ROOSEVELT UNIVERSITY ("Roosevelt"), by and through its attorneys, Cozen O'Connor, for its Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, DIANE FIELD ("Plaintiff"), hereby states as follows:

**INTRODUCTION**[1]

1. The Plaintiff, plaintiff brings this action under Title I and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. sec 12101 et. seq. for discrimination, failure to accommodate, coercion, intimidation, harassment and retaliation.

**ANSWER:** Defendant admits that the Plaintiff brings this action under Title I and Title III of the ADA but denies that it violated these statutes.

2. Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and attorney fees and cost.

**ANSWER:** Defendant admits that Plaintiff seeks the relief stated but denies that Plaintiff is entitled to such relief.

**JURISDICTION AND VENUE**

3. All acts that plaintiff has alleged in this complaint have occurred in this District.

---

[1] The headers set forth in the Answer are taken directly from the Complaint and are included for the convenience of the Court and the parties. Defendant denies any and all factual allegations contained therein.

**ANSWER:** Defendant admits that Plaintiff alleges claims relating to her engagement as a member of Defendant's adjunct faculty. Defendant further admits that it operates as an educational institution in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. This Court has jurisdiction over the defendant and venue is proper in this court under 28 U.S.C. § 1331 and 1343 as this action arises under the ADA and other federal laws.

**ANSWER:** Admit.

## PARTIES

5. Plaintiff, DIANE FIELD, who is a resident of Lemont Illinois, and is a qualified individual with a disability as defined under the ADA.

**ANSWER:** Defendant admits that Plaintiff is, upon information and belief, a resident of Lemont, Illinois. Plaintiff's allegation that she is a qualified individual with a disability as defined under the ADA is a legal conclusion to which no response is required. To the extent that a response is required, denied.

6. Defendant, ROOSEVELT UNIVERSITY is a private university providing public accommodations in Chicago IL and accepts federal and state funds. ROOSEVELT UNIVERSITY's principal place of business in Illinois, operating within the jurisdiction of this court.

**ANSWER:** Admit.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates all preceding answers to the preceding paragraphs as if fully set forth herein.

8. About 2010, Diane earned a Master's Degree in Actuarial Science from RU, in spite of her own learning disabilities.

2

**ANSWER:** Defendant admits that Diane earned a Master's Degree in Actuarial Science from Roosevelt in or about 2010. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8.

9. Diane has intermittently re-registered for previously completed actuarial coursework as preparation for gaining professional certification from the Society of Actuaries ("SOA") so as to qualify for a well-paid job as a professional Actuary.

**ANSWER:** Admit.

10. While attending RU, Diane successfully assisted other RU students, with their math studies as a volunteer tutor without any request, formal permission, or support from RU.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. After this continued for some time and her frequent success and contributor as a volunteer tutor became readily evident to the RU math faculty, RU hired her as a part-time math teacher.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Around August of 2010, RU's initial job offer to Diane was for her to teach RU's remedial course(s) in math to assist students in learning enough basic math to qualify to take, and to succeed in passing, college level math courses at RU.

**ANSWER:** Admit.

**Diane has Non-Obvious Disabilities**

13. To the casual observer, many of Diane's disabilities are no obvious, but when Ada, her service animal, is working beside her with a vest that states in large letters "Service Dog", at least others can tell she has some type of disability.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. At all times pertinent in her roles as employee and student, Diane has explained and documented her multiple disabilities to RU.

3

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

**Diane's Needs & Substantial Limitations**

15. In order to teach math effectively, Diane requires, among other things, an appropriately lit classroom, a nearby respite area, and an uncrowded corridor or stairway connecting them by which she can quietly walk undisturbed to recover physically and emotionally after teaching.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. When these accommodations are altered or removed, Diane become neurologically dysregulated and begins involuntarily crying rom the pain of the auditory overload, and she intermittently loses the ability to use expressive language.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Diane's recovery time is not linearly related to the exposure time of the stimuli leading to the dysregulation. Recovery time can become exponentially longer, even taking days at times, especially if she must travel through a congested and brightly fluorescent lit hallway to obtain respite.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

**Initially Work Station Concession Granted for Diane, then denied When Requested Again**

18. For some time, RU had assigned Diane to teach her course in a particular classroom, AUD406.

**ANSWER:** Admit.

19. Diane requested use of a nearby office, AUD402, only 30 feet away for use as a respite area, and RU granted this as a concession to Diane.

**ANSWER:** Admit.

20. The current situation in 2024 requires Diane to walk the entire length o the fluorescent lit hallway to the other busy end of that hallway to AUD420, a distance of over 130 feet away from her respite area in AUD402.

4

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Diane's current classroom in 2024, AUD420, in not appropriate for a person with autism and vision-based communication deficits as the fluorescent lighting in the corridor to AUD402 is debilitating.

**ANSWER:** Denied.

22. Diane used an advocate to request her accommodations whenever she could not make a cogent request by herself due to Diane having autism and needing assistance in such matters.

**ANSWER:** Defendant admits that Diane has used an advocate to request accommodations on her behalf from time-to-time. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22.

**Inadequate Recovery Causes Risk of Physical Injury**

23. Failing to recover completely creates substantial risk which can physically endanger Diane during er substantial commute, even though this is not readily obvious to others.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. During this period of time, the sirens were loud from the street below and the fluorescent lighting was causing her dysregulation and stress.

**ANSWER:** Defendant states that Plaintiff's failure to provide any detail about the "period of time" referenced in Paragraph 24 renders Defendant incapable of providing a meaningful answer. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Diane was unable to get the full respite needed to recover between classes, but Diane went to AUD402 to get brief respite after the 2nd class.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. This type of accident never occurred when Diane was scheduled in AUD406 to teach and allowed the proximity of respite area AUD402.

**ANSWER:** Defendant states that Plaintiff's failure to provide any detail about the "accident" referenced in Paragraph 26 renders Defendant incapable of providing a meaningful answer. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

**Diane Needs Auxiliary Aids & Services**

27. Diane as an instructor requires auxiliary aids and services to communicate effectively with her students, including when accessing RU websites and internal email systems.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Diane also needs auxiliary aids and services when she is shopping for, applying for, and working on RU courses as a student or prospective student.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

**RU website & Email Inaccessible to Diane**

29. Yet, when Diane is an RU student or when she is shopping for an advanced math course as a prospective student, she is required to use the RU websites and RU email system as par tof her shopping, course application, and course work for her educational program.

**ANSWER:** Admit.

30. When Diane is working at RU, she is also required to use the RU websites and internal email system.

**ANSWER:** Admit.

31. However, Diane has to struggle to use the RU websites and email system due to her substantial limitations, in part caused by her vision-based communication deficits.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

6

**RU requires Training on Blackboard via its digital newsletter, Inside Roosevelt**

32. RU provides training on its website which Diane cannot utilize because of its digital inaccessibility.

**ANSWER:** Defendant admits that it provides training on its website. Defendant denies the remaining allegations contained in Paragraph 32.

33. One such training program is regarding Blackboard, a program application that RU requires Diane to use to grade papers and homework and to report grated to RU.

**ANSWER:** Admit.

34. Blackboard training is scheduled and announced through *Inside Roosevelt*, a digital newsletter emailed to the Roosevelt community, including Diane.

**ANSWER:** Admit.

35. This emailed digital newsletter has the technology assistance hours embedded within it, but there are multiple steps Diane must memorize to be able to find the dates and times available to check if these dates correspond with her availability.

**ANSWER:** Defendant admits that the digital newsletter has the technology assistance hours embedded within it but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

**RU Discriminatory Preference for Non-Disabled Teachers in Job Offers and Hiring**

36. RU's union contract does not restrict RU's discretion before each semester in offering part-time adjunct faculty opportunities to teach math courses.

**ANSWER:** Deny.

37. RU has used this discretionary ability to give preference to non-disabled teachers over Diane as a person with disabilities through selective, discriminatory criteria or administrative methods, or synergistically when some of these individual criteria and/or methods are combined together.

**ANSWER:** Deny.

38. This includes, but is not limited to, using arbitrary reasons for new hiring or nondisabled teachers to teach courses that Diane is qualified to teach or could readily become so with access to training.

**ANSWER:** Deny.

**Direct Denials of Diane's Requests to Teach MATH 110 Show Discriminatory Hiring**

39. Diane has asked to teach MATH 110, a college credit course, many times.

**ANSWER:** Defendant admits that Diane has asked to teach MATH 110, a college credit course, on previous occasions. Defendant denies Plaintiff's characterization that she has made the request "many times."

40. RU has advised that there was no way to configure all of the student computers with all of the software the IATP recommended for Diane.

**ANSWER:** Deny.

41. Of course, the IATP had only recommended software for Diane's computer, not that on other students' computer.

**ANSWER:** Defendant admits that IATP recommended software for Diane's computer and not other students' computers.

42. This was an example of the RU preference for non-disabled teachers over Diane as a teacher with a disability.

**ANSWER:** Deny.

43. No effective alternative accommodation was offered to Diane.

**ANSWER:** Deny.

**RU Denied Many of Diane's Requests for Accommodation**

44. RU has effectively denied Diane's requests for accommodations in many ways, and they resulted in no effective accommodations for Diane.

**ANSWER:** Deny.

45. At times, RU has ignored Diane's requests for accommodations

**ANSWER:** Deny.

46. At times, RU has outright denied Diane's requests for accommodations.

**ANSWER:** Deny.

47. Frequently, RU has delayed in responding to Diane's requests for accommodations beyond the time in which RU knew each was needed.

8

**ANSWER:** Deny.

48. On information and belief, RU denials of Dianes' requests for accommodations are made without RU conducting a diligent assessment of the substantial limitations due to Diane's disabilities and of the program or policy pertinent to each request.

**ANSWER:** Deny.

49. Most of the time, RU has failed to offer an effective alternative accommodation or provide Diane with a contemporaneous, written explanation of its denial.

**ANSWER:** Deny.

50. At all times pertinent, Diane has requested accommodations from RU when needed and participated in the required interactive process in good faith, but that has usually not resulted in effective accommodations for her as a student, prospective student, or as an employee.

**ANSWER:** Deny.

## COUNT I
### (Violation of the ADA)

1-50. Plaintiff, FIELD, adopts and realleges paragraphs 1 through 50 as paragraphs 1 through 50 of Count I.

**ANSWER:** Defendant adopts and realleges its answers to paragraphs 1 through 50 as its answers to paragraphs 1 through 50 of Count I.

52. Defendant discriminated against plaintiff on the basis of disability in violation of Title I and Title III.

**ANSWER:** Deny.

53. Defendant failed to provide equal access, reasonable accommodations, and/or effective modifications necessary for the plaintiff to enjoy equal access to Roosevelt University

**ANSWER:** Deny.

54. Defendant provides training on its website with Plaintiff cannot utilize because of it digital inaccessibility. *[violates DOJ's Guidance on Web Accessibility and the ADA]*

**ANSWER:** Deny.

55. One such training program is regarding Blackboard, a program application that Defendant requires Plaintiff to use to grade papers and homework and to report grades to Defendant.

9

**ANSWER:** Deny.

56. Blackboard training is scheduled and announced through *Inside Roosevelt*, a digital newsletter emailed to the Roosevelt community, including Plaintiff.

**ANSWER:** Admit.

57. This emailed digital newsletter has the technology assistance hours embedded within it, but there are multiple steps Plaintiff must memorize to be able to find the dates and time available to check if these dates correspond with her availability.

**ANSWER:** Defendant admits that the digital newsletter has the technology assistance hours embedded within it, but denies the remaining allegations contained in paragraph 57.

58. These multiple step procedures become visually exhausting for Plaintiff who has asked Defendant from [sic] the simple accommodation of a phone call when she was first diagnosed and which Defendant granted as a concession to Plaintiff.

**ANSWER:** Deny.

59. This is a violation of DOJ's Web Content Accessibility Guidelines (WCAG), but it also violates the provision on auxiliary aids & services which is a priority for individuals with communication problems. See 28 CFR § 36.303. Auxiliary aids and services. If you can't effectively communicate, you are limited in, or completely precluded from using the very protections that the ADA is intended to provide.

**ANSWER:** Deny.

## COUNTY II
### (Failure to Accommodate)

1-50. Plaintiff, FIELD, adopts and realleges paragraphs 1 through 50 of Count I as if originally pled herein.

**ANSWER:** Defendant adopts and realleges its answers to paragraphs 1 through 50 of Count I as its answers to paragraphs 1 through 50 of Count II.

51. Defendant failed to provide reasonable accommodations required for the plaintiff to participate in employment and to access services and programs.

**ANSWER:** Deny.

52. Despite notice of the plaintiff's disability and the need for accommodations, the defendant refused to engage in an interactive process or provide necessary accommodations.

**ANSWER:** Deny.

10

53. Barb Anders, Head Instruction/Learn Librarian, acted on behalf of Plaintiff and asked for AUD411 as respite area from Plaintiff's Dean, Kelly Wentz-Hunter, but the request was denied. Defendant denied this even though it was available and Defendant had allowed Plaintiff to use this room as an accommodation as a Student for respite area. Plaintiff even offered an online alternative, but Defendant declined this too.

**ANSWER:** Defendant admits that Barb Anderson, Head of Instruction and Learning, worked with Plaintiff to request Kelly Wentz Hunter, Dean of the College of Science, Health, and Pharmacy, that Plaintiff be allowed to use AUD 411 and that the request was denied. Defendant denies that AUD 411 was available when that request was made. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff used AUD-411 as an accommodation when she was a student. Defendant admits that Plaintiff proposed an alternative accommodation but that her proposal was denied.

54. Plaintiff explained her vision impairments to Susan Lamparter, the Defendant Blackboard Trainer. Plaintiff verbally requested verbal 1:1 Training.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Defendant ultimately denied Plaintiff's request.

**ANSWER:** Deny.

56. The Defendant's response offered an alternative: that Plaintiff's Dept. Chair, was available for training instead.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. However, this would be ineffective because Defendant's agent and Plaintiff's Department head was too busy to be available for the training session as she has been unavailable for training Plaintiff when it would be for as little as one hour in the past.

**ANSWER:** Deny.

58. Further, when Plaintiff asked Defendant for this alternative Blackboard training, Defendant blocked Plaintiff 's accommodation by telling her that Plaintiff didn't need the Blackboard training that she was requesting.

11

**ANSWER:** Deny.

59. Defendant also failed to accommodate Plaintiff in Excel Training.

**ANSWER:** Deny.

60. During the fall of 2022, Plaintiff requested Excel Training from Defendant.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61. Plaintiff's request was not accommodated.

**ANSWER:** Deny.

62. The Defendant also failed to accommodate additional requests make by the Plaintiff, specifically:

   a. Assignment to a classroom with natural light so Plaintiff did not need to us fluorescent lighting and a more secluded, low traffic area classroom.
   b. Access to a private room wo that when Plaintiff experiences increased sensory issues, she can access the private space as quickly as possible to reduce neurologically bases emotional and physical symptoms.
   c. The ability to take 5-10 minute breaks as needed to access private space and manage symptoms of sensory disability.
   d. The use of a hat and/or sunglasses in spaces with fluorescent lighting.
   e. Space to use/store Plaintiff's personal use items that help manage her sensory disability, such as lighting and her service animal equipment.
   f. High contrast screens to help accommodate Plaintiff's vision disability.
   g. In person or zoom walkthroughs of computer programs with IT so that Plaintiff can identify the location of relevant buttons. This will also help accommodate Plaintiff's vision disability.
   h. Access to curriculum structure and pacing examples to accommodate Plaintiff's vision disability.

**ANSWER:** Deny.

## COUNT III
### Coercion, Intimidation, and Harassment (ADA Title V)

1-50. Plaintiff, FIELD, adopts and realleges paragraphs 1 through 50 of Count I as if originally pled herein.

**ANSWER:** Defendant adopts and realleges its answers to paragraphs 1 through 50 of Count I as its answers to paragraphs 1 through 50 of Count III.

12

[2]63. The defendants objected the plaintiff to coercion, intimidation, and harassment in response to her attempts to exercise rights under the ADA.

**ANSWER:** Deny.

64. These actions were intended to interfere with plaintiff's enjoyment of rights protected by the ADA.

**ANSWER:** Deny.

65. During August of 2022 at a meeting with Jill Chapman, Defendant's Accommodations Liaison, Plaintiff was told "You shouldn't tell people you have autism because you are too verbal and look people in the eye." This coerced Plaintiff to not self-identify or organize with other faculty and students with autism.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65.

66. Using Plaintiff's Autistic Symptoms to Exclude from Higher Courses. Defendant told the Plaintiff that she could not teach a higher-level math 110, Quantitative Literacy class because "you are not a good fit".

**ANSWER:** Deny.

67. When previous attempts failed, Plaintiff repeated her requests for accommodations, but Defendant suppressed Plaintiff and limited her in continuing to self-advocate.

**ANSWER:** Deny.

68. When Plaintiff informed Defendant about the 2nd GA being ineffective, Defendant's agent was silent and let HR handle it. But HR told Plaintiff that Defendant would handle it but Defendant never did. So. Plaintiff was left without effective accommodations in the Spring of 2024 and in the fall of 2024.

**ANSWER:** Deny.

69. Defendant pushed Plaintiff to teach basic math course by not offering Plaintiff higher math courses.

**ANSWER:** Deny.

70. For Spring 2025, Defendant offered Plaintiff sections of the Math Skills course to teach. However, Plaintiff had requested to teach Statistics again. Defendant did not offer her that,

---

[2] Plaintiff's amended complaint inadvertently numbered the paragraphs under Count III as 51 through 63. The answer reflects the consecutive paragraph numbers from 63 to 75 for clarity.

13

only the 2 sections of the math skills course, and said "What does it matter. They are the same pay."

**ANSWER:** Deny.

72. This was coercion to stay in basic math teaching, and it resulted in Plaintiff being occupationally segregated and without credential to get a better Math teaching job in the future at a better paying school with benefits.

**ANSWER:** Deny.

**Intimidation under Title V**

72. Plaintiff stopped asking Defendant for Blackboard app. Assistance with HR told Defendant by Email not to respond to Plaintiff until notified by HR that she could do so.

**ANSWER:** Deny.

73. On October 27, 2022 Plaintiff stopped asking for Math 110 because Defendant emailed Plaintiff that "you are not a good fit."

**ANSWER:** Deny.

**Harassment under Title V**

74. Defendant engaged in a persistent, ongoing patter or harassment by constructing discriminatory obstacles to work at RU that created a hostile working environment. It kept Plaintiff occupationally segregated. Every time Plaintiff attempted to obtain a higher status math teaching job, Defendant created obstacles.

**ANSWER:** Deny.

75. In Fall 2023, Plaintiff was again only offered the basic skills course, math 010, the non-credit course that accompanies math 110 even though Plaintiff asked for algebra and stats which she previously taught.

**ANSWER:** Defendant admits that Plaintiff was only offered an engagement teaching Math 010 in Fall 2023. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 75.

**COUNT IV**
**(Retaliation)**

1-50. Plaintiff, FIELD, adopts and realleges paragraphs 1 through 50 of Count I as if originally pled herein.

14

**ANSWER:** Defendant adopts and realleges its answers to paragraphs 1 through 50 of Count I as its answers to paragraphs 1 through 50 of Count IV.

76.[3] Defendant retaliated against the plaintiff for engaging in protected activities under the ADA including requesting reasonable accommodations and asserting her rights.

**ANSWER:** Deny.

77. As a result of defendant's retaliation, plaintiff has suffered damages including emotional distress a loss of wages.

**ANSWER:** Deny.

WHEREFORE, Defendant, Roosevelt University, respectfully requests the Court to enter judgment in its favor on each count of Plaintiff's Amended Complaint, along with any further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following Affirmative Defenses to Plaintiff's claims in the Amended Complaint. Defendant reserves the right to modify, add to or supplement its Affirmative Defenses. In addition, by asserting these Affirmative Defenses, Defendant does not assume any obligation or burden of proof that is not required by law or that rightly belongs to Plaintiff.

1. Plaintiff's allegations are barred insofar as she fails to state a claim upon which relief can be granted.

2. Plaintiff's allegations are barred to the extent that they exceed the scope of her EEOC charge.

---

[3] Plaintiff's amended complaint inadvertently numbered the paragraphs under Count IV as 51 through 52. The answer reflects the consecutive paragraph numbers from 76 to 77 for clarity.

3. Plaintiff's Complaint includes allegations of purported violations of the ADA that occurred outside the applicable limitations period for administrative and/or legal relief and are therefore time-barred.

4. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

5. Subject to a reasonable opportunity to conduct discovery, some or all of Plaintiff's claims may be barred or limited by the doctrine of after-acquired evidence.

6. Plaintiff's claim for damages is barred, in whole or in part, by a failure to mitigate damages to the extent required by the law.

7. Plaintiff's claims are barred to the extent that Plaintiff was incapable of performing the essential functions of her position, with or without a reasonable accommodation.

8. Plaintiff's claims are barred in whole or in part to the extent the accommodations she sought would have posed an undue hardship on Defendant.

9. At all times pertinent to this case, Defendant made a good faith effort to comply with the law and is therefore not liable for any alleged intentional, malicious, or grossly negligent acts of its agents or employees.

10. Defendant asserts that it has repeatedly engaged in the interactive process with the Plaintiff to reasonably accommodate her alleged disabilities. Any alleged failure of the interactive process was not due to the Defendant's actions but due to Plaintiff's failure to timely and adequately participate.

WHEREFORE, Defendant, Roosevelt University, respectfully requests the Court to enter judgment in its favor on each count of Plaintiff's Amended Complaint, along with any further relief as the Court deems just and proper.

Dated: October 17, 2025

          Respectfully submitted,

          ROOSEVELT UNIVERSITY

          By: */s/ Madeline N. Domenichella*
              One of Its Attorneys

Julie L. Trester (#6208467)
Madeline N. Domenichella (#6349078)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 474-7900
jtrester@cozen.com
mdomenichella@cozen.com
*Attorneys for Defendant,*
*Roosevelt University*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on October 17, 2025, she caused a true and correct copy of the foregoing, **Roosevelt University's Answer and Affirmative Defenses to Plaintiff's Amended Complaint,** to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following attorneys of record in this matter:

James T. Farnan
Ridge Law Group
230 W. Monroe Street, Suite 2330
Chicago, IL 60606
jfarnan@ridgedownes.com

*/s/ Madeline N. Domenichella*
Madeline N. Domenichella